Balanced Channels Acupuncture, P.C. v USAA Cas. Ins. Co. (2025 NY Slip Op 51972(U))

[*1]

Balanced Channels Acupuncture, P.C. v USAA Cas. Ins. Co.

2025 NY Slip Op 51972(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2024-638 RI C

Balanced Channels Acupuncture, P.C., as Assignee of Collin Dasilva, Appellant,
against
USAA Casualty Insurance Company, Respondent. 

Kopelevich & Feldsherova, P.C. (Galina Feldsherova of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin (Aneshia Chintamani of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Mary A. Kavanagh, J.), dated June 6, 2024. The order granted defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that defendant had not issued an insurance policy covering plaintiff's assignor and, thus, plaintiff's assignor was not an eligible injured person entitled to receive no-fault benefits. By order dated June 6, 2024, the Civil Court (Mary A. Kavanagh, J.) granted defendant's motion.
As plaintiff properly contends on appeal, defendant failed to establish its entitlement to summary judgment dismissing the complaint as the affidavit submitted by a claims adjuster from "USAA General Indemnity Company" was insufficient to establish, prima facie, defendant's lack of coverage defense. Here, the claims adjuster did not establish that she was employed by defendant or how defendant and her employer were related to each other. Moreover, she failed to establish that she had personal knowledge of defendant's standard practices and procedures for maintaining or searching for information related to policyholders and current or past policies. Indeed, the claims adjuster failed to set forth that a search of defendant's records or databases was ever conducted for the instant case. Rather, she merely stated in her affidavit that "USAA General Indemnity Company" did not insure plaintiff's assignor, his vehicle, nor anyone that resided with plaintiff's assignor. This statement was insufficient, and, as a result, defendant failed to satisfy its prima facie burden entitling it to summary judgment dismissing the complaint (cf. Delta Diagnostic Radiology, P.C. v Am. Tr. Ins. Co., 44 Misc 3d 136[A], 2014 NY Slip Op [*2]51240[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Great Health Care Chiropractic, P.C. v Omni Indem. Co., 40 Misc 3d 139[A], 2013 NY Slip Op 51450[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Astoria Quality Med. Supply v State Farm Mut. Auto. Ins. Co., 31 Misc 3d 138[A], 2011 NY Slip Op 50743[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, defendant's motion should have been denied regardless of the sufficiency of plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025